# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOGAN O. BISHOP, SR., | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-11-0550-HE |
| ROBIN ROOF, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff Logan O. Bishop, Sr., a state prisoner appearing *pro se*, filed this § 1983 action alleging violations of his constitutional rights. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Bana Roberts for initial proceedings and she has issued two Reports and Recommendations, one pertaining to plaintiff's request for injunctive relief and the other to his claims against defendant Justin Jones. Plaintiff has filed objections to both.

The magistrate judge recommends the denial of plaintiff's request for injunctive relief on the ground that the person he seeks to have enjoined, Chaplain Wideman, has not been named or served with process. Plaintiff responds that his request for an injunction was not limited to the chaplain, whom he claims has retaliated against him by denying him a Kosher diet, but included Robert Ezell, who, at that time, was warden of the facility. Plaintiff asserts the court should enjoin the current warden, Tim Wilkinson, who, he asserts, has condoned the retaliation committed by the chaplain.

The court cannot grant the requested relief as neither Chaplain Wideman nor Tim

Wilkinson, has been properly sued. Plaintiff may amend his complaint to add them as defendants but, until then and upon proper service, they are not subject to the court's jurisdiction and may not be enjoined.

In a separate Report and Recommendation the magistrate judge recommended that a motion to dismiss filed by defendant Justin Jones be granted. She concluded that plaintiff's claims seeking monetary relief against defendant Jones in his official capacity should be dismissed with prejudice as barred by the Eleventh Amendment, that his remaining federal claims against defendant Jones should be dismissed without prejudice for failure to state a claim and that the court should decline to exercise its supplemental jurisdiction over the remaining state law claims. Plaintiff responds that the magistrate judge erroneously subjected his complaint to the heightened Iqbal pleading standard and that he has "recited facts sufficient to support his claim." Plaintiff's response, p. 3. He does not contest the magistrate judge's conclusion that his claims seeking monetary relief against defendant Jones in his official capacity are barred.

Because plaintiff is proceeding *pro se*, the court has liberally construed his complaint. However, it agrees with the magistrate judge that plaintiff has failed to allege facts demonstrating the personal participation required to state a § 1983 claim against defendant Jones. The court cannot, as plaintiff suggests, supplement the allegations in his complaint with his grievance documents, which were neither attached to nor referenced in his complaint. It also cannot consider assertions made in plaintiff's objection.

Accordingly, the court adopts Magistrate Judge Roberts' Reports and

Recommendations and denies plaintiff motion requesting an injunction [Doc. #55] and grants defendant Jones's motion to dismiss [Doc. #28]. Plaintiff's claims against defendant Jones in his official capacity seeking monetary relief are dismissed with prejudice. His remaining claims against defendant Jones are dismissed without prejudice. Plaintiff is granted leave to file an amended complaint correcting the identified deficiencies, if he can do so, by **July 15, 2012**.

    **IT IS SO ORDERED**.

    Dated this 15th day of June, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE