# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOGAN O. BISHOP, SR., | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-11-0550-HE |
| ROBIN ROOF, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff Logan O. Bishop, Sr., a state prisoner appearing *pro se*, filed this § 1983 action alleging violations of his constitutional rights. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Bana Roberts for initial proceedings. She has recommended that plaintiff's most recent requests for injunctive relief be denied. Plaintiff has filed an objection.

The magistrate judge concluded plaintiff was not entitled to a temporary restraining order because the persons he seeks to have enjoined – the chaplain and warden at Davis Correctional Facility – have not been sued. Plaintiff claims he effectively sued the current chaplain and warden because he named their predecessors as defendants.

While a party's successor is occasionally substituted in an action for his or her predecessor, *see e.g.,* Fed.R.App.P. 23(a), circumstances warranting or allowing such substitution are not present here. Because the individuals plaintiff seeks to enjoin are not parties to this lawsuit, his motion for a temporary restraining order will be denied.

In his other motion for injunctive relief, plaintiff asks the court to order the prison warden to allow him and his inmate legal advisor to have access to the prison law library and

use of a typewriter for at least nine hours per week until his lawsuit is resolved. The magistrate judge recommends that plaintiff's motion be denied on the grounds the current warden is not a party to the action and plaintiff's claims do not include allegations of difficulty with law library access. Plaintiff responds with the conclusory allegation "that prison officials are very openly and obviously obstructing plaintiff's efforts to litigate this case." Plaintiff's objection, p. 2.[1]

As the magistrate noted, "[t]o obtain preliminary injunctive relief, the party 'must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Terry v. Jones, 2007 WL 962916, at *1 (W.D.Okla. March 30, 2007) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994)). Because plaintiff's motion concerns alleged conduct unrelated to the constitutional violations claimed in his habeas petition, he is not entitled to injunctive relief.

The court agrees with Magistrate Judge Roberts analysis and adopts her Report and Recommendation. Plaintiff's motions [Doc. Nos. 65, 71] are **DENIED**.

**IT IS SO ORDERED**.

Dated this 23rd day of July, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1]The magistrate judge did note, however, that in connection with plaintiff's alleged difficulties with access to the library, she would "liberally consider any well-supported requests for extensions of time for submissions of papers in this matter." Report and Recommendation, p. 3.

2