## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LOGAN O. BISHOP, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-11-550-HE** |
| | ) | |
| | ) | |
| **ROBIN ROOF, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

### Fourth Request for Injunctive Relief

Plaintiff has brought the present action complaining of alleged constitutional violations by various individuals during his incarceration at the Cimarron Correctional Facility ("CCF") and the Davis Correctional Facility ("DCF") [Doc. No. 1].  Plaintiff, who is presently incarcerated at DCF, has now filed a Fourth Notice of Retaliation and Motion for Restraining Order [Doc. No. 78].

In support of his request for injunctive relief, Plaintiff maintains that DCF Correctional Officer Elvira, on orders from Captain Nelson, is retaliating against him for signing an affidavit in another lawsuit by removing a plastic chair from his cell.  *Id.*  Plaintiff asks that the court "issue an Order that Warden Tim Wilkinson, the successor of Warden Robert Ezell, cause his plastic chair to be returned to him, and that this pattern and practice of ongoing retaliation against him be stopped."  *Id.* at 3.

With regard to Warden Wilkinson's status as a successor to named Defendant Warden

Ezell, Judge Heaton has previously addressed Plaintiff's assertion that "he effectively sued the current . . . warden because he named [his] predecessor as [a] defendant[]." [Doc. No. 77]. Judge Heaton determined that "[w]hile a party's successor is occasionally substituted in an action for his or her predecessor, *see e.g.,* Fed.R.App.P. 23(a), circumstances warranting or allowing such substitution are not present here." *Id.* In addition, Judge Heaton has previously exercised his discretion in finding that "[a]s defendants have filed a motion for summary judgment, the case has procedurally moved past the point at which pleadings may generally be amended." [Doc. No. 70]. Accordingly, because the individual whom Plaintiff seeks to enjoin is not a party to the action – and cannot be made a party by amendment – Plaintiff's request for injunctive relief should be denied.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

It is recommended that Plaintiff's request for injunctive relief [Doc. No. 78] be denied. The parties are advised of their right to object to this Report and Recommendation by November 12, 2012, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the Magistrate Judge in this matter.

ENTERED this 22nd day of October, 2012.


BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE