**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LOGAN O. BISHOP, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-0550-HE |
| | ) | |
| ROBIN ROOF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Logan O. Bishop, Sr., a state prisoner appearing *pro se*, filed this § 1983 action alleging various violations of his constitutional rights. Consistent with 28 U.S.C. §636(b)(1)(B), (C), the matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings.[1] She has recommended that defendant's motion seeking summary judgment based on plaintiff's failure to exhaust his administrative remedies be granted as to all but plaintiff's failure to protect claim. Both plaintiff and defendants have objected to the Report and Recommendation.

In his objection, plaintiff "asks leave of the court to incorporate in this pleading the objection to these Defendants' dispositive motion which he previously filed . . . ." Objection, p. 1. However, plaintiff's "general Objection," *id.* at p. 2, is insufficient. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court . . . ." United States v.

---

[1]The matter was initially referred to Magistrate Judge Bana Roberts.

One Parcel of Real Prop., 73 F.3d 1057, 1060 (10th Cir. 1996).[2]  By failing to make a specific objection to the Report and Recommendation, plaintiff waived further review of the magistrate judge's findings and conclusions.  *Id.*[3]  The court finds no basis for concluding that the ends of justice dictate that the waiver rule not apply.  The magistrate judge advised the parties of their right to object to the Report and Recommendation and that a failure to object "waives the right to appellate review of both factual and legal questions contained [therein]."  Doc. #89, at p. 29.

Defendants Choate, Middleton and Taylor also filed an objection to the Report and Recommendation, claiming the magistrate judge erred when she determined they failed to show plaintiff had not exhausted his failure to protect claim.  She concluded defendants did not address either plaintiff's sworn assertions in the complaint that he submitted an emergency grievance or the sworn statement of another inmate that he saw plaintiff place the emergency grievance in the "Grievance Box."  Doc. #48-1 at p.2, Exhibit 2.  Defendants state that plaintiff failed to exhaust this claim because, assuming as he asserts that his grievance went unanswered, he failed to "grieve the 'no response'" as required to compete the exhaustion process.  However, defendants neglected to present this argument to the magistrate judge, instead merely asserting that plaintiff did not submit a grievance regarding

---

[2]*Fed.R.Civ.P. 72(b)(2) provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge pertaining to a dispositive motion and Rule 72(b)(3) provides that [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." (emphasis added).*

[3]*In his objection plaintiff also cites an incident which, he states, is another retaliatory act.  Plaintiff may not assert a new claim in an objection, but rather must seek leave to amend his complaint.*

"his allegations of being held in an unsafe environment." Doc. #69, at p. 18. Under these circumstances the court will not consider their contention, but will refer the motion back to the magistrate judge to allow her to consider defendants' new exhaustion argument, after plaintiff has had the opportunity to respond to it.

Accordingly, having conducted a *de novo* review of the portion of the Report and Recommendation to which a specific objection was made, the court agrees with the analysis of the magistrate judge and adopts her Report and Recommendation as to all but plaintiff's failure to protect claim. The motion as to that claim remains pending to allow plaintiff to have the opportunity to respond to, and the magistrate judge to have the opportunity to consider, defendants' exhaustion argument as to his failure to protect claim. In all other respects defendants' motion for summary judgment [Doc. #69] is granted.

Plaintiff's requests in his objection for an evidentiary hearing and appointed counsel to represent him at the hearing are denied, as the court concludes an evidentiary hearing is unnecessary. The court also denies as moot plaintiff's request for injunctive relief relating to the provision of a kosher diet [Doc. #85]..

**IT IS SO ORDERED**.

Dated this 23rd day of April, 2013.

JOE HEATON
UNITED STATES DISTRICT JUDGE