IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LOGAN O. BISHOP, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-550-HE |
| | ) | |
| | ) | |
| ROBIN ROOF, Health Services | ) | |
| Administrator; JOSEPH TAYLOR, | ) | |
| Warden; JOHN MIDDLETON, | ) | |
| Assistant Warden; JUSTIN JONES, | ) | |
| Director DOC; RAY CHOATE, Unit | ) | |
| Manager; ROBERT EZELL, Warden; | ) | |
| SCOT HAYNES, Chaplain, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### Failure to Protect Claim

**I.  Relevant procedural history.**

Plaintiff brought this action complaining of alleged constitutional violations by various individuals during his incarceration at two private prisons, the Cimarron Correctional Facility (CCF) and the Davis Correctional Facility. Doc. 1. Pursuant to United States District Judge Joe Heaton's referral of the matter for initial proceedings, the undersigned Magistrate Judge recommended that summary judgment be granted in favor of Defendants as to all but Plaintiff's failure to protect claim. Doc. 89. Judge Heaton adopted the recommendation over Defendants' objection, declining to consider their

argument that Plaintiff failed to exhaust his administrative remedies as to this claim. Doc. 93. Nonetheless, Judge Heaton left the summary judgment motion as to Plaintiff's failure to protect claim open for the undersigned's initial consideration of Defendants' arguments and of Plaintiff's response thereto. *Id.* at 3.

The undersigned ordered supplemental briefing and specifically directed that Defendants' supplemental motion and brief and Plaintiff's response "must stand on [their] own . . . and must include, without incorporation from any other filing, all intended arguments and evidence . . . ." Doc. 94, at 2-3. Defendants[1] filed their supplemental motion, Doc. 95, and Plaintiff did not respond by the time of the ordered deadline or otherwise. Thus, the matter is at issue. For the following reasons, the undersigned recommends that Defendants Middleton, Choate, and Taylor's supplemental motion for summary judgment – grounded on Plaintiff's failure to properly exhaust his administrative remedies on his failure to protect claim – be granted.

## II. Plaintiff's failure to protect claim.

Plaintiff alleges that Defendants Ray Choate, his Unit Manager at CCF, John Middleton, the CCF Assistant Warden, and Joseph Taylor, the CCF

---

[1] While all Defendants filed the supplemental motion for summary judgment, only Defendants Middleton, Choate, and Taylor are named in Plaintiff's failure to protect claim.

Warden, denied him a safe environment in violation of the Eighth Amendment. Doc. 1, at 1-6.[2] Plaintiff, who is Jewish, contends Defendant Choate intentionally placed him in a two-man cell with a member of a gang that professed hatred towards Jews and did so in retaliation for complaints Plaintiff had previously lodged. *Id.* at 3. He maintains he voiced his concerns about the cell assignment to Defendant Middleton who took no action, and that on August 1, 2009, he submitted an emergency grievance on the matter to Defendant Taylor but that it was never answered. *Id.* at 3, 5. Plaintiff claims psychological distress and anxiety as a result of the cell assignment. *Id.* at 6.

## III. Analysis.

### A. Standard of review.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). And, while a pro se plaintiff's complaint is liberally construed, a pro se plaintiff must

---

[2] Page citations to the complaint are in sequential order and reflect this court's CMECF pagination.

adhere to the same rules of procedure that are binding on all litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Thus, strict adherence by a pro se plaintiff to the requirements of Fed. R. Civ. P. 56 is required. With respect to those requirements, the Supreme Court has determined that

> the plain language of Rule 56 . . . mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Additionally, when Defendants assert an affirmative defense – such as the failure to exhaust administrative remedies – in a motion for summary judgment, they "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant[s] meet[] this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id.* "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant[s] [are] then entitled to summary judgment as a matter of law." *Id.*

## B. Exhaustion of administrative remedies.

The Prison Litigation Reform Act of 1995 (PLRA) requires that a prisoner exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* In construing this legislation, the United States Supreme Court has determined "that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prisoner, such as Plaintiff, successfully exhausts administrative remedies by completing the administrative review process established by the prison grievance procedure. *Id.* at 218. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002). "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). Courts, however, "are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials."

*Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

    **C.**    **Plaintiff's requisite exhaustion.**

Under the grievance policy of the Oklahoma Department of Corrections (DOC), "[g]rievances may be submitted directly to the [warden] . . . when . . . substantial risk of personal injury or other irreparable harm exists." Doc. 95, Ex. 3, DOC Offender Grievance Process, OP-090124, at VIII. Through his sworn complaint, Plaintiff alleged that he "sent" or "submitted" such an emergency grievance regarding his concerns about his cell assignment to Defendant Taylor on August 1, 2009 and that the grievance was never answered. Doc. 1, at 3, 5.

During the course of these proceedings, Plaintiff provided evidence regarding this allegation from another inmate who swore to his "understanding" that Plaintiff placed the alleged emergency grievance "in the designated wooden, locked grievance box at the facility [on August 1, 2009]." Doc. 48, at Ex. 1. In this same vein, Plaintiff filed of record the affidavit of a second inmate who swore that he actually saw Plaintiff place the alleged emergency grievance in the "Grievance Box" on August 1, 2009. *Id.* at Ex. 2. Similarly, Plaintiff argued that he "place[d] this Emergency Grievance dated 08/01/09 in the locked, wooden grievance box located right outside of the facility library." Doc. 48, at 11.

As is discussed *infra* § III.D.1, in connection with the merits of Defendants' supplemental summary judgment motion, Plaintiff's assertion that he used this

6

"grievance box" to submit the alleged emergency grievance is central to Defendants' arguments. In this regard, Plaintiff's contention that he utilized a "grievance box" implicates CCF's grievance policy, a policy that he has alleged in his complaint is not authorized by Oklahoma law. Doc. 1, at 16. Nonetheless, it is CCF policy that provides for the use of a grievance box. *See infra* § III.D.1. Based on the undersigned's review of the DOC grievance policy, such policy is silent as to the mechanics of the actual submission of an emergency grievance. *See* Doc. 95, Ex. 3, DOC Offender Grievance Process, OP-090124.

### D. Defendants' evidence and arguments.

#### 1. Improper submission of the alleged emergency grievance.

Defendants' factual evidence establishes that under CCF grievance procedure, an inmate is required to place an emergency grievance in a sealed envelope and to then place that envelope "in grievance mailbox or give to unit staff" for forwarding to the Grievance Officer. Doc. 95, at 3-4, Ex. 2, CCF Inmate/Resident Grievance Procedures, Policy No. 14-5, at 14-5.4 § L.1.a. Because the grievance mailbox is not checked and grievances are not forwarded on weekends, "[i]n the event it is necessary to file the emergency grievance on weekends . . . *the sealed envelope will be given to the Shift Supervisor.*" *Id.* at 14-5.4 § L.1.b, c (emphasis added). Defendants' evidence further establishes that

7

August 1, 2009 – the day Plaintiff states he placed the emergency grievance to Defendant Taylor regarding his concerns over his cell assignment in the grievance box – was a Saturday. Doc. 95, at 3, Ex. 4.

Accepting as true Plaintiff's assertion that he "place[d] this Emergency Grievance dated 08/01/09 in the locked, wooden grievance box located right outside of the facility library," Doc. 48, at 11, he failed to properly comply with the applicable procedures. Plaintiff did not, as required by CCF policy governing the submission of emergency grievances on weekends, give his emergency grievance to the Shift Supervisor. Thus, to the extent Plaintiff's failure to comply with this procedure bears on the proper administrative exhaustion of his failure to protect claim, Defendants have met their initial burden of establishing that no disputed material fact exists with regard to this proposition.

### 2. Failure to employ available remedy.

Plaintiff alleges only that he submitted an unanswered emergency grievance to Defendant Taylor but makes no claim that he followed-up on the matter after failing to receive any response. Nonetheless, as Defendants point out, Doc. 95, at 4, if an offender does not receive a response from the warden within thirty days from submission of a grievance, under DOC policy he may

8

send the grievance with evidence of its submission[3] to the administrative review authority. *See* Doc. 95, Ex. 3, DOC Offender Grievance Process, OP-090124, at V.C.4. Plaintiff does not allege that he took this remaining, available step. Doc. 1. An inmate "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them . . . ." *Jernigan*, 304 F.3d at 1033. Thus, Defendants have met their initial burden of demonstrating that no disputed material fact exists regarding their affirmative defense of Plaintiff's failure to exhaust his failure to protect claim.

**E.    Plaintiff's failure to respond to Defendants' evidence.**

At this point, Plaintiff must now "demonstrate with specificity the existence of a disputed material fact." *Hutchinson*, 105 F.3d at 564. Nonetheless, Plaintiff failed to dispute Defendants' statement of uncontroverted fact or to object in any manner to the legal conclusions in their summary judgment motion. Consequently, Defendants Middleton, Choate, and Taylor have affirmatively established that Plaintiff failed to properly exhaust his administrative remedies as to his failure to protect claim prior to initiating this § 1983 action, and they are entitled to summary judgment as a matter of law. *Id.*

---

[3]    For example, Plaintiff could have submitted the same affidavits from his fellow-inmates as those he filed here.

**IV.  Recommendation and notice of right to object.**

For these reasons, the undersigned recommends that Defendants' supplemental motion for summary judgment, Doc. 95, be granted.

The parties are advised of their right to object to this Report and Recommendation by July 22, 2013, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in this case.

IT IS SO ORDERED this 2nd day of July, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE